

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1645-08

**STEPHEN GILBERT, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

    **KELLER, P.J., filed a concurring opinion.**

The defense of "necessity" contains three elements:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) *a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.*[1]

The third element was not met in appellant's case because a claim that the defendant was compelled

---

[1] T EX. PENAL CODE §9.22 (emphasis added).

to engage in conduct by the use or threat of force is something that the Legislature plainly intended to be addressed under the duress statute.

The duress statute carefully and exhaustively defines when compulsion under the use or threat of force will excuse otherwise criminal conduct by the defendant.[2] If the offense is not a felony, the force or threat of force must constitute compulsion of such a nature as "to render a person of reasonable firmness incapable of resisting the pressure."[3] If the offense is a felony, then the threat must be more substantial: the defendant must have engaged in the conduct because "he was compelled to do so by threat of imminent death or serious bodily injury to himself or another."[4] Moreover, the excuse provided under the duress statute is not available "if the actor intentionally, knowingly, or recklessly placed himself in a situation in which it was probable that he would be subjected to compulsion."[5] In doing all of these things, the Legislature has already conducted the balancing test that would be conducted by a jury under the second element of the necessity defense: that is, the Legislature has already balanced when "the desirability and urgency of avoiding the harm" caused by the threatened use of force "clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct."[6]

Moreover, duress is an "affirmative defense,"[7] meaning that the defendant shoulders the

---

[2] *See Id.*, §8.05.

[3] *Id.*, §8.05(c).

[4] *Id.*, §8.05(a).

[5] *Id.*, §8.05(d).

[6] *See id.* 9.22(2)

[7] *Id.*, §8.05(a), (b).

burden of proving duress by a preponderance of the evidence,[8] while necessity is a "defense,"[9] which requires an acquittal if the jury harbors a reasonable doubt on the matter.[10] Allowing a necessity defense when the evidence involves the type of conduct addressed by the duress statute would circumvent the Legislature's decision to place the burden on the defendant to prove the elements that absolve him of criminal liability.

Because "a legislative purpose to exclude the justification claimed for the conduct" *does* "plainly appear," I agree with the Court that appellant was not entitled to an instruction on the defense of necessity. I concur in the Court's judgment.

Filed: February 10, 2010
Do Not Publish

---

[8]  *Id.*, §2.04(d).

[9]  *Id.*, §§9.22 ("Conduct is justified if" elements of necessity defense are met.), 9.02 ("It is a defense to prosecution that the conduct in question is justified under this chapter.").

[10]  *Id.*, §2.03(d).